Dear Mr. Page:
We have received your opinion request of May 8, 2003 containing the following question: When a municipal court has a person on their docket and that person is incarcerated in another jurisdiction, who has the responsibility to go to that institution, pick that person up and bring them to court, then return them, the arresting agency, or the city marshal?
La. Atty. Gen. Op. No. 81-1217 states the following: "A city marshal, as executive officer of the city court, is responsible for transporting prisoners, including juveniles from the parish jail to the court as required, and for returning them to the jail as the court directs."
LSA-R.S. 13:1881 provides that the city court marshal is the executive officer of the city court. LSA-R.S. 13:1881(A) provides that the marshal is specifically granted the same powers and authority as sheriffs in carrying out the orders and mandates of the court.
La. Atty. Gen. Op. No. 81-1217 says that, "a sound construction of the relevant statutes justifies the conclusion that a marshal, as part of his duties as executive officer of the city court, is responsible for transporting prisoners [from] the parish jail to city court and vice versa, as they are needed for arraignment, trial, sentencing, etc."
If the marshal is responsible for transporting prisoners incarcerated in the parish jail to and from city court, it follows that the marshal would also bear the responsibility of transporting prisoners incarcerated in parish prisons in other jurisdictions to and from city courts.
Therefore, it is the opinion of this office that it is the responsibility of the city court marshal to transport prisoners housed in parish prisons in other jurisdictions to and from city court.
Very truly yours,
 __________________________ ARTHUR F. SCHAFER ASSISTANT ATTORNEY GENERAL
AFS/cs/jy
Date Released: June 19, 2003
*1 OPINION NUMBER 81-1217
November 25, 1981
COURTS 15 SHERIFFS 107
A city marshal, as executive officer of the city court, is responsible for transporting Prisoners, including juveniles from the parish jail to the court as required, and for returning them to the jail as the court directs.
Honorable J. Nathan Stansbury District Attorney Fifteenth Judicial District P.O. Box 3306 Lafayette, Louisiana 70502
Honorable Elton A. Arceneaux Sheriff Parish of Acadia Courthouse Crowley, Louisiana 70526
Gentlemen:
Your request for the opinion of this office has been referred to the criminal division for research and reply. The question to be resolved, as we appreciate it, is:
What law enforcement agency is responsible for transporting prisoners to and from parish jail to the city courts of Rayne and Crowley (to include juvenile offenders)?
We understand that the practice in other parishes within the Fifteenth Judicial District is for the marshal responsible for attending the court to perform these duties. This office agrees that this arrangement is not only practical, but is well based in law.
The municipalities of Rayne and Crowley are incorporated under the Lawrason Act and are governed, generally, under the provisions of Title 33 of the Louisiana Revised Statutes. Accordingly, each municipality is authorized a marshal (chief of police) whose duties are delineated in LSA-R.S. 33:423. The marshal is, additionally, the executive officer of the city court. LSA-R.S. 13:1881.
The City Courts of Crowley and Rayne are specifically authorized by the legislature, LSA-R.S. 13:1952(8) and (19) respectively, and each court is authorized one judge and a city marshal. As a result, mayor's courts in these municipalities are not authorized. LSA-R.S. 32:441.
The language selected by the legislature in describing the duties of the marshal and his deputies (LSA-R.S. 33:1881) tracks that used in describing the duties of the sheriff vis-a-vis the district courts (Code of Civil Procedure Art. 321): "(the executive officer of the court." The marshal is specifically granted the same powers and authority as sheriffs in carrying out the orders and mandates of the court. LSA-R.S. 13:1881(A).
We have found no statute directly addressing the jurisdiction of the offices of sheriff and marshal as regards the transportation of prisoners to and from the city courts. No fee is set, for example, for such transportation when and if it is undertaken by the sheriff although the legislature has set fees for transporting prisoners to other institutions (prisoners, asylum and the penitentiary). LSA-R.S. 33:1432.
We believe, however, and it is the opinion of this office that a sound construction of the relevant statutes justifies the conclusion that a marshal, as part of his duties as executive officer of the city court, is responsible for transporting prisoners to the parish jail to city court and vice versa, as they are needed for arraignment, trial, sentencing, etc.
*2 We hope this opinion sufficiently answers your question, but if we can be of further assistance, please don't hesitate to contact us again.
With kind regards, I am
 William J. Guste, Jr. Attorney General
 BY: Patrick G. Quinlan Assistant Attorney General
OPINION NUMBER 03-0190
22-2 DRUGS LSA-R.S. 40:2616(B)(3)(a); LSA-R.S. 40:2615.
Forfeited or seized monies may be used in drug enforcement, reward programs, and payment of salaries of full-time and/or part-time employees during strictly drug enforcement work.
Wayne Houck Sheriff and Ex-Officio Tax Collector P.O. Box 2070 Ruston, Louisiana 71273-2070
Date Received: Date Released:
INGRID F. JOHNSON ASSISTANT ATTORNEY GENERAL